IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Ida Byther-Smith, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   1:19-cv-8366 |
| Harris & Harris, Ltd., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Ida Byther-Smith, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

## PARTIES

3. Plaintiff, Ida Byther-Smith ("Byther-Smith"), is a citizen of the State of Illinois, from whom Defendant attempted to collect a defaulted consumer debt that she allegedly owed to Northwestern Medicine, despite the fact that she had exercised her rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and

People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.  Defendant, Harris & Harris, Ltd. ("Harris"), is an Illinois corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Harris operates a nationwide defaulted debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Harris was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debts it attempted to collect from Plaintiff.

5.  Defendant Harris is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Harris conducts extensive business in Illinois by writing and calling thousands of Illinois consumers.

## FACTUAL ALLEGATIONS

6.  Ms. Byther-Smith is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed to Northwestern Medicine. When Harris began trying to collect this debt from Ms. Byther-Smith, by sending her a collection letter dated June 17, 2019, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program concerning Harris' collection actions. A copy of this letter is attached as Exhibit B.

7.  Accordingly, on June 24, 2019, one of Ms. Byther-Smith's attorneys at LASPD informed Harris, in writing, that Ms. Byther-Smith was represented by counsel, and directed Harris to cease contacting her, and to cease all further collection activities

because Ms. Byther-Smith was forced, by her financial circumstances, to refuse to pay her unsecured debts. A copy of this letter and is attached as Exhibit C.

8. Nonetheless, Defendant Harris sent another collection letter, dated November 4, 2019, directly to Ms. Byther-Smith, which demanded payment of the Northwestern Medicine debt. A copy of this collection letter is attached as Exhibit D.

9. Accordingly, on November 14, 2019, one of Ms. Byther-Smith's LASPD attorneys had to write to Defendant Harris to demand, yet again, that it cease communications and cease collection of the debt. A copy of this letter is attached as Exhibit E.

10. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

11. Moreover, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Here, Defendant's actions caused Plaintiff to question whether she was still represented by counsel as to this debt. These collection actions caused Ms. Byther-Smith her stress, and upset, alarmed and confused her.

12. Defendant Harris' collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

16. Here, the letter from Ms. Byther-Smith's attorneys at LASPD told Defendant Harris to cease communications and cease collections (Exhibit C). By continuing to communicate regarding payment of this debt (Exhibit D), Defendant Harris violated § 1692c(c) of the FDCPA.

17. Defendant Harris' violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

4

20. Defendant Harris knew that Ms. Byther-Smith was represented by counsel in connection with this debt because her attorneys at LASPD had informed Defendant, in writing (Exhibit C), that she was represented by counsel, and had directed Defendant Harris to cease directly communicating with her. By directly sending Ms. Byther-Smith the November 4, 2019 collection letter (Exhibit D), despite being advised that she was represented by counsel, Defendant Harris violated § 1692c(a)(2) of the FDCPA.

21. Defendant Harris' violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Ida Byther-Smith, prays that this Court:

1. Find that Defendant Harris' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Byther-Smith, and against Defendant Harris, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Ida Byther-Smith, demands trial by jury.

    Ida Byther-Smith,

    By: /s/ David J. Philipps
    One of Plaintiff's Attorneys

Dated: December 20, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com